915 P.2d 1239

ESTATE OF John L. BOHN, Shirley Bohn, Donald and Mary Rutan, husband and wife, and Carl Linton, a single man, Plaintiffs–Appellants,

v.

Harold SCOTT, Director of the Department of Revenue of the State of Arizona, and the Department of Revenue of the State of Arizona, Defendants–Appellees.

No. 1 CA–TX 94–0009.

Court of Appeals of Arizona,
Division 1, Department T.

April 16, 1996.

Bonn, Luscher, Padden & Wilkins, Chartered by Paul V. Bonn, Brian A. Luscher and Randall D. Wilkins, Phoenix, O'Neil, Cannon & Hollman, S.C. by Eugene O. Duffy and Gregory W. Lyons, Milwaukee, WI, for Plaintiffs–Appellants.

Grant Woods, Arizona Attorney General by Gail H. Boyd, Assistant Attorney General, and Patrick Irvine, Assistant Attorney General, Phoenix, for Defendants–Appellees.

## OPINION

THOMPSON, Judge.

Taxpayers, who are retired federal employees or their spouses or representatives, appeal from a judgment on mandate entered by the tax court after our opinion in *Estate of Bohn v. Waddell,* 174 Ariz. 239, 848 P.2d 324 (App.1992), became final. They broadly contend that the tax court misinterpreted the legal effect of our opinion on remand. Their appeal, and the Department of Revenue's (DOR) opposition thereto, raise these specific issues:

1. Whether the taxpayers' appeal has been rendered moot by their post-mandate receipt of tax refunds or credits pursuant to DOR's tax ruling of July 23, 1993, implementing a refund program for federal retirees who had filed timely amended returns or individual protective refund claims;

2. Whether the equitable and declaratory relief awarded by the tax court's original 1991 judgment remained undisturbed and effective after this court's 1992 opinion became final, and thus whether the tax court erred in refusing to conduct further proceedings to provide non-refund relief consistent with the tax court's 1991 declaration that the income taxing scheme embodied in Ariz.Rev.Stat.Ann. (A.R.S.) § 43–1022(2), (3), and (4) illegally discrimi-

nated against recipients of federal retirement income;

3. Whether the tax court erred in failing to conduct proceedings to address the effect of post-mandate events on the relief accorded by the unappealed portions of the 1991 judgment;

4. Whether the tax court erred in treating its 1991 award of attorneys' fees in favor of the taxpayers as having been vacated by this court's disposition of the prior appeal and cross-appeal;

5. Whether the tax court erred on remand in awarding attorneys' fees to DOR and the individual defendants for services rendered before entry of the 1991 judgment in opposing the taxpayers' claims for relief under 42 U.S.C. § 1983.

We have jurisdiction pursuant to A.R.S. § 12–2101(B).

### BACKGROUND OF THIS APPEAL

Before it was amended in 1989, A.R.S. § 43–1022(3) and (4) effectively exempted from Arizona income taxation all state, county and municipal retirement benefits paid to retired employees of state and local entities, but at the same time exempted only the first $2,500 of federal retirement benefits paid to retired federal employees. On March 28, 1989, the United States Supreme Court invalidated a similar Michigan income tax scheme on the ground that it violated the constitutional doctrine of intergovernmental tax immunity codified in 4 U.S.C. § 111. *Davis v. Michigan Dep't of Treasury,* 489 U.S. 803, 109 S.Ct. 1500, 103 L.Ed.2d 891 (1989). Thereafter, effective retroactively to January 1, 1989, the Arizona legislature amended A.R.S. § 43–1022 to equalize Arizona income taxation of state, local, federal and military retirement benefits. 1989 Ariz. Sess.Laws Ch. 312, §§ 12, 25.

On May 1, 1989, the appellant taxpayers brought this action in Maricopa County Superior Court against the then-current and former directors of DOR, in their individual and official capacities, seeking a declaration pursuant to 42 U.S.C. § 1983 that A.R.S. § 43–1022(4) was unconstitutional and requesting injunctive relief against further enforcement of the allegedly unconstitutional

scheme. They also sought damages against the individual defendants calculated as the sum of all monies collected pursuant to A.R.S. § 43–1022(4) from any recipients of United States government retirement benefits in excess of $2,500 for calendar years 1985 through 1988, and attorneys' fees pursuant to 43 U.S.C. § 1988. In July of 1989 the tax court permitted the taxpayers to file a second amended complaint that added a claim against DOR for refunds of the disputed taxes.

On cross-motions for summary judgment and the taxpayers' motions for class certification and declaratory and injunctive relief, the tax court: (1) dismissed the taxpayers' damages claim against the individual defendants under 42 U.S.C. § 1983; (2) denied injunctive relief; (3) held that military retirement pay was to be treated the same as federal civil service retirement benefits; (4) held that the scheme for Arizona income taxation of federal civil service and military pensions violated 4 U.S.C. § 111;[1] (5) ruled that the taxpayers would be entitled to refunds measured by "the difference between the tax federal pensioners paid on their pensions and what they would have paid had taxpayers been similar taxed;" (6) directed DOR to propose a refund plan consistent with that principle; and (7) announced it would not certify a class provided DOR could devise an administrative plan to administer the refund process effectively under the doctrine of virtual representation. 174 Ariz. at 242–43, 848 P.2d at 327–28.

The tax court thereafter denied DOR's motion to dismiss the taxpayers' second amended complaint on the ground that the taxpayers had not followed statutory administrative procedures. The tax court later entered a formal judgment in accordance with its rulings. The taxpayers appealed from the judgment with the exception of specified portions. DOR and individual defendants Paul Waddell and Craig Cormier cross-appealed from those portions of the judgment holding (1) that the taxpayers were not required to exhaust administrative reme-

dies before bringing the first and second claims for relief alleged in their second amended complaint; (2) that military retirees were not to be treated differently from other federal retirees and that the Arizona tax scheme violated 4 U.S.C. § 111 because it discriminated against military retirees; (3) that plaintiffs were entitled to a refund remedy for Arizona income taxes for the years 1984 through 1988; (4) that every person who paid income tax on federal retirement income for tax years 1984 through 1988 was to be treated as though a named plaintiff; and (5) that refund applications could be filed by any such persons through the first April 15th two years following the entry of a final appealable decision or until the expiration of the four-year term provided by A.R.S. § 42–115.

We resolved the appeal and cross-appeal in *Estate of Bohn.* We summarized our holdings as follows:

We hold that the tax court did not abuse its discretion in declining to issue injunctive relief to the taxpayers under 42 U.S.C. § 1983. We also hold, however, that the plaintiff-taxpayers' failure to exhaust their Arizona administrative remedies either in their individual or representative capacities prevented the tax court from ruling on their claims for Arizona income tax refunds. Accordingly, we vacate the tax court's opinions. In so doing, we do not reach the question of the propriety of the tax court's refund formula.

Because of our holding, we also need not determine the remaining issues concerning the scope and retroactivity of the United States Supreme Court's decision in *Davis.* Similarly, we do not reach the question whether the taxpayers' attorneys are entitled to an award of attorneys' fees under the "common fund" theory.

174 Ariz. at 241–42, 848 P.2d at 326–27. We concluded:

We hold that the tax court erred when it did not dismiss taxpayers' refund claim. Arizona law required the taxpayers to follow the administrative procedure to obtain

---

1. The tax court's judgment based its declaration that the taxing scheme embodied by A.R.S. § 43–1022(3) and (4) violated federal law on A.R.S. § 12–1831 *et seq.,* Arizona's version of the Uniform Declaratory Judgment Act.

a tax refund. None of the taxpayers exhausted available administrative remedies. No recognized exception to the exhaustion rule excused their failure to follow the administrative refund procedure. Therefore, the tax court did not have subject matter jurisdiction.

Because of our holding, we do not decide the issue of whether the tax court erred when it refused to certify a plaintiff class, and instead relied on the doctrine of virtual representation for effecting refunds. Similarly, we do not approve of the tax court's refund formula.

We affirm the tax court's order denying injunctive relief. The tax court, however, should have dismissed the taxpayers' claims because they did not exhaust their administrative remedies. Because we reverse in part, we vacate the tax court's opinions below, and we remand for proceedings consistent with this opinion.

*Id.* at 251–52, 848 P.2d at 337–39.

On July 23, 1993, appellee Harold·Scott, Director of the Arizona Department of Revenue, issued Arizona Individual Income Tax Ruling ITR 93–15. The ruling observed that on June 15, 1993, the United States Supreme Court had held in *Harper v. Virginia Dep't of Taxation,* 509 U.S. 86, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993) that the rule announced in *Davis v. Michigan Dep't of Treasury,* 489 U.S. 803, 109 S.Ct. 1500, 103 L.Ed.2d 891 (1989) was to be applied retroactively to years before 1989. ITR 93–15 announced that pursuant to A.R.S. § 42–129(A), DOR would issue credit vouchers or refunds to federal retirees who had paid excess Arizona income tax contrary to *Davis* and *Harper* and who had filed timely amended returns, refund claims or protective refund claim forms included in the instructions to the 1989 Arizona income tax return relating to tax years 1984 through 1988. ITR 93–15 further

stated that any taxpayer who failed to file such a timely claim would not be entitled to relief.[2]

This court's opinion in *Estate of Bohn* became final on August 9, 1993, when the United States Supreme Court denied rehearing on its previous rejection of the taxpayers' petition for *certiorari.* 509 U.S. 941, 114 S.Ct. 15, 125 L.Ed.2d 766 (1993). In the tax court, on August 31, 1993, the taxpayers filed motions asking the tax court, "[p]ursuant to the undisturbed portions of the judgment of the Arizona tax court in this proceeding and the opinion and mandate of the Arizona Court of Appeals, and in furtherance thereof . . . ," to grant the following relief:

1. A declaration that the limitations period for tax refunds for the taxpayers and all other retired federal employees who paid Arizona income taxes on their federal pensions for any of the tax years 1984 through 1988 had been tolled by the filing of the instant action and remained so;

2. A declaration that the credit and refund rights provided in Arizona Individual Income Tax Ruling ITR 93–15 are available to all retired federal employees who paid Arizona income taxes on federal pensions received during any of the years 1984 through 1988, and that the ruling conferred vested rights on the plaintiffs and the class they represent that cannot be modified, amended or revoked;

3. An order directing that DOR obtain the addresses and identification numbers of all retired federal employees who received federal pensions in Arizona during 1984 to 1988 and give notice to each one, or her representatives or survivors, concerning their rights under Arizona income tax ruling ITR 93–15; and

4. An order certifying a class consisting of all retired federal employees who received federal pensions in Arizona during 1984 through 1988, whether or not they

---

2. The ruling also contained this explanatory notice:

The purpose of a tax ruling is to provide interpretive guidance to the general public and department personnel. A tax ruling is intended to encompass issues of law which are not adequately covered in statute, case law or administrative rules. A tax ruling is a position statement which provides interpretation, de-

tails or supplementary information concerning the application of the law. Relevant statute, case law, or administrative rules, as well as a subsequent ruling, may modify or negate any or all of the provisions of any tax ruling. *See* GTP91–24 for more detailed information regarding documents issued by the Department of Revenue.

filed amended returns, refund claims or protective refund claims.

DOR opposed the taxpayers' motions and moved for judgment on this court's mandate. After briefing and argument, the tax court ruled in favor of DOR. The tax court thereafter entered formal judgment on mandate dismissing the taxpayers' complaint without prejudice due to lack of subject matter jurisdiction "because plaintiffs did not exhaust administrative remedies...." The tax court denied the taxpayers' motion to alter or amend the judgment and for new trial.

DOR and the individual defendants moved for an award of attorneys' fees against the appellant taxpayers pursuant to 42 U.S.C. § 1988. The tax court granted the motion in the amount of $93,987.50. The taxpayers timely appealed. We have jurisdiction pursuant to A.R.S. § 12–2101(B) and (F)(1).

### DISCUSSION

#### MOOTNESS OF THIS APPEAL

██ Both sides in this appeal appear to agree that after the current director of DOR issued Arizona Individual Income Tax Ruling ITR 93–15, each of the appellant taxpayers received DOR refund or credit determinations for all years in question and withdrew the protests they had previously filed with the DOR Hearing Division concerning the denial of their individual claims for refund. DOR now contends that the taxpayers' appeal from the tax court's dismissal of their action on remand is moot and ought to be dismissed. We disagree.

The individual appellants may have received refund determinations with which they agree, but this does not moot their contention that the tax court should have certified a class on remand consisting of all recipients of federal retirement income during 1984–88. It similarly does not moot their contention that the tax court should have proceeded to declare for the benefit of this class that the filing of the instant action in May 1989 tolled the running of the limitations period for filing administrative refund claims; that the refunds provided by ITR 93–15 must extend irrevocably to all members of the class; and that DOR must so notify each member or his

representative individually. Finally, it does not moot the taxpayers' appeal from the tax court's award of attorneys' fees against them personally pursuant to 42 U.S.C. § 1988.

#### CORRECTNESS OF TAX COURT'S DISMISSAL ORDER ON REMAND

##### *Scope of First Appeal and Effect of Opinion and Mandate*

The taxpayers assert that DOR failed to appeal from those portions of the tax court's 1991 judgment in which the tax court (1) declared that Arizona's pre-amendment scheme for taxing federal and state pensions violated the constitutional doctrine of intergovernmental tax immunity as codified in 4 U.S.C. § 111; (2) ordered that DOR (a) treat all persons who paid Arizona income tax on federal pensions for tax years 1984 through 1988 as though each were named as a plaintiff in the complaint, (b) treat the filing of the action as having tolled the running of the time for filing administrative refund claims, and (c) give notice of refund rights to all affected persons; and (3) awarded costs and attorneys' fees to the taxpayers pursuant to A.R.S. § 12–348. The taxpayers interpret this court's opinion in *Estate of Bohn* as having ruled exclusively on the taxpayers' claims for refunds and for injunctive relief, and therefore as having left undisturbed these "unappealed" portions of the 1991 judgment. The taxpayers accordingly contend that the tax court erred in declining to give effect to these undisturbed rulings on remand.

██ For a number of reasons, this contention is wrong. First, the taxpayers take a hypertechnically constricted view of the scope of DOR's prior cross-appeal. DOR cross-appealed in part from "the portions of the Judgment entered on March 7, 1991, in favor of the Plaintiffs which held that ... [p]laintiffs are not required to exhaust administrative remedies prior to bringing their First and Second Claims for Relief...." The taxpayers' "First and Second Claims for Relief" encompassed all the relief they sought in this action, including declaratory and injunctive relief under state law and 42 U.S.C. § 1983, damages, and refunds. By

appealing from the tax court's determination that the taxpayers were not required to resort to and exhaust administrative remedies to seek those forms of relief in the tax court, we think DOR also necessarily appealed from the tax court's granting of any such relief.

■ The taxpayers also misinterpret the reach of this court's opinion and mandate in *Estate of Bohn.* It is true that at several points our opinion focused on the tax court's jurisdiction over the taxpayers' refund claims, and that we stated the tax court "lacks jurisdiction over any **claim for refund** of taxes that has not been first properly presented to the Department of Revenue and the Board of Tax Appeals." 174 Ariz. at 245, 848 P.2d at 330. (Emphasis added.)

We did not, however, thereby intend to exclude from the scope of our analysis the tax court's subsidiary rulings in aid of those refund claims. As we also stated:

> The statutory administrative refund claim and appeal process is not optional. Only one statute expressly authorizes a taxpayer to bring an action in the superior court **to dispute Arizona income taxes.** *See* A.R.S. § 42–124(B)....
>
> ... The tax court ... should have dismissed the taxpayers' **claims** because they did not exhaust their administrative remedies.

174 Ariz. at 248, 252, 848 P.2d at 333, 337. (Emphasis added.)

Other features of our first opinion confirm that the intended scope of our ruling was broader than the taxpayers now contend. DOR's notice of cross-appeal not only identified the tax court's overarching holding that the taxpayers were not required to resort to and exhaust administrative remedies before pursuing any of the relief their complaint sought, but also specifically challenged that portion of the tax court's judgment that held that Arizona's local, state and federal pension taxing scheme illegally discriminated against military retirees as well as other federal retirees. Our opinion in *Estate of Bohn* did not address that issue. In addition, the panel that issued *Estate of Bohn* contemporaneously dismissed, as moot, the companion appeal of a number of unsuccessful individual

intervenors in the taxpayers' action. *Abbott v. DOR,* No. 1 CA–TX 90–0029, memorandum decision (filed October 2, 1992). These circumstances clearly demonstrate that we viewed all issues pertaining to the correctness of the tax court's declaratory relief as subsumed within the taxpayers' refund claims, and thus as having been undermined by the taxpayers' failure to exhaust administrative remedies.

The taxpayers note, however, that the *Estate of Bohn* court chose to reach and affirm the tax court's decision to deny the taxpayers' request for injunctive relief. They cite this as demonstrating that the court viewed the taxpayers' claims for injunctive and declaratory relief as jurisdictionally distinct from their claims for tax refunds. We disagree. *Estate of Bohn* addressed the tax court's denial of injunctive relief against the background of the legislature's having amended A.R.S. § 43–1022 to eliminate prospectively the disparity in the state income taxation of state and federal retirees. The *Estate of Bohn* court upheld the denial of injunctive relief solely on the taxpayers' failure to show they would suffer irreparable harm if such relief were not issued. 174 Ariz. at 244–45, 848 P.2d at 329–30.

■ Although declaratory relief has been held an appropriate remedy for testing the validity of an administrative tax regulation of general application, *State Tax Comm'n v. Wallapai Brick & Clay Products, Inc.,* 85 Ariz. 23, 330 P.2d 988 (1958), we have made it clear that "the declaratory judgment procedure may not be used to preempt or prejudge issues that are committed for initial decision to an administrative body." *The Tanner Companies v. Arizona State Land Dep't,* 142 Ariz. 183, 188, 688 P.2d 1075, 1080 (App.1984). *See also Original Apartment Movers v. Waddell,* 179 Ariz. 419, 880 P.2d 639 (App.1993) (taxpayer could not avoid administrative audit process by suing for declaration that as a matter of law it was not subject to the tax in question). As this court stated in *Estate of Bohn:*

> Here, the taxpayers challenged discriminatory taxation of their pension income. However, they also sought a refund of taxes they paid under the former statutory

scheme. The issue involved the application of the constitutional doctrines and federal law in the *Davis* holding to each taxpayer's right to a refund. It was a proper subject for the administrative process. 174 Ariz. at 250, 848 P.2d at 335. We reaffirm the implicit holding of *Estate of Bohn* that the taxpayers' request for declaratory relief was an integral link in their bid for recovery of refunds and was therefore barred by their failure to resort to and exhaust administrative remedies.

A recent decision of the United States Supreme Court provides persuasive policy support for our view of declaratory relief in connection with challenges to state taxing statutes. In *National Private Truck Council, Inc. v. Oklahoma Tax Comm'n,* — U.S. ——, 115 S.Ct. 2351, 132 L.Ed.2d 509 (1995), the Court held that neither declaratory nor injunctive relief is available under 42 U.S.C. § 1983 in an action brought in state court to challenge the constitutional validity of a state taxing statute where state law provides an adequate legal remedy. The Court stated:

> Declaratory relief in state tax cases might throw tax administration "into disarray, and taxpayers might escape the ordinary procedural requirements imposed by state law." *Perez v. Ledesma,* 401 U.S. 82, 128, n. 17 (1971) (Brennan, J., concurring in part and dissenting in part). We simply do not read § 1983 to provide for injunctive or declaratory relief against a state tax, either in federal or state court, when an adequate legal remedy exists.

*Id.* at ——, 115 S.Ct. at 2357. In our opinion, Arizona's version of the Uniform Declaratory Judgment Act, A.R.S. §§ 12–1831 *et seq.,* should not be interpreted in a manner less solicitous of state tax assessment and collection procedures than was 42 U.S.C. § 1983 in *National Private Truck Council.*

■ No elaborate analysis is necessary to dispose of the taxpayers' remaining contention that on remand the tax court also erred in failing to effectuate its pre-appeal orders concerning the tolling of limitations periods for the filing of administrative refund claims and the giving of notice of refund rights to federal retirees. These orders were issued strictly in aid of the tax court's initial decision to order court-supervised tax refunds. In *Estate of Bohn* we held that the tax court lacked jurisdiction to enter any such order in view of the taxpayers' failure to resort to and exhaust administrative remedies in their individual or representative capacities.

■ The tax court correctly viewed the declaratory relief, equitable tolling and taxpayer notice provisions of its 1991 judgment as having been swept away by *Estate of Bohn.* It also correctly declined to effectuate its pre-appeal award of attorneys' fees to the taxpayers under A.R.S. § 12–348. As we have held, DOR's cross-appeal properly encompassed all relief the tax court granted pursuant to the taxpayers' second amended complaint. This relief included the fee award. Our reversal of the taxpayers' bid for court-ordered refunds and declaratory relief necessarily ended their status as "prevailing parties" under § 12–348.

### Tax Court's Refusal to Grant Additional Relief on Remand

The taxpayers next contend that events which occurred between the issuance of *Estate of Bohn* and the tax court's exercise of jurisdiction on remand compelled the court to pursue further proceedings. They observe that *Harper v. Virginia Dep't of Taxation,* 509 U.S. 86, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993), decided June 18, 1993, mandated retroactive application of *Davis.* They assert that in opposing the taxpayers' petition for *certiorari* to the Supreme Court, DOR told the Court that the administrative refund process "remained available to all federal retirees." The taxpayers further observe that in June of 1993 they requested hearings on the protective refund claims they had filed for tax years 1984–88, including the class claim they filed on April 11, 1990, but that the DOR Hearing Division set hearings only for the three individual taxpayers and none on the class claim. They note in addition that DOR's ITR 93–15, issued July 23, 1993, thereafter preempted the administrative refund process and made clear that in DOR's view only those federal retirees who had filed timely amended returns or protective refund claims would be entitled to refunds.

The taxpayers argue that these events gave rise to new issues appropriate for declaratory and other relief within the tax court's jurisdiction on remand. They contend that the tax court committed constitutional error in refusing to certify a class encompassing all federal retirees regardless of whether they had filed timely refund requests. They further argue that the tax court erred in failing to declare that its 1991 judgment required identical treatment of all such federal retirees, and that the refunds to be provided pursuant to ITR 93–15 were "final and irrevocable."

■ The taxpayers are wrong. We first observe that, contrary to the taxpayers' accusation, DOR did not misrepresent to the Supreme Court the position it would take on the scope of available refunds. DOR told the Court: "Petitioners chose not to exhaust statutory administrative remedies, but they did file protective claims for refund with the Department. For those who filed amended returns or Notices of Claim, including Petitioners, the administrative process remains open." The context of this statement makes it clear that in using the term "Petitioners," DOR was referring to the taxpayers in their individual rather than representative capacities.

■ The taxpayers' contention that the additional relief they sought from the tax court was within its authority on remand is founded on an overbroad and erroneous interpretation of this court's opinion and mandate in *Estate of Bohn.* As we have already stated, in that opinion we viewed all issues pertaining to the correctness of the declaratory relief initially issued by the tax court as subsumed within the taxpayers' refund claims, and thus as having been undermined by the taxpayers' failure to resort to and exhaust administrative remedies. Because such relief was unavailable absent proper exhaustion of administrative remedies, the tax court had no continuing authority on remand to make declarations concerning the legality of post-judgment actions by the defendants.

■ The taxpayers contend on numerous grounds that the tax court's judgment on our mandate violated the due process clause of United States Constitution Amendment XIV, because it rendered the taxpayers' state law remedy less than "clear and certain." [3] First, they argue that the revocability of ITR 93–15 is sufficient by itself to disqualify as "clear and certain" the refund process it implements. They base this contention on language of a general explanatory note at the end of the ruling that states in part: "Relevant statute, case law, or administrative rules, as well as a subsequent ruling, may modify or negate any or all of the provisions of any tax ruling. See GTP 92–1 for more detailed information regarding documents issued by the Department of Revenue." They cite no authority tending to support the proposition that the bare abstract potential for modification of a state law remedy renders it unclear or uncertain as a matter of due process. Further, nothing in this record suggests any real-world likelihood that ITR 93–15 would actually be undone, either prospectively or retroactively, through anything other than the final judgment of a court of competent jurisdiction.

■ Next, the taxpayers contend that the tax court's judgment on mandate violated the due process rights of retired federal employees by eliminating final notice and tolling relief and thereby "retroactively reinstat[ing] a statute of limitations bar *ex post facto* as to 30,000 retirees in the virtually represented class." Again we disagree. It is fair to note at first that the "notice and tolling relief" contained in the tax court's first judgment never became final. It was reversed. The tax court's recognition of this fact on remand

3. To satisfy the requirements of the due process clause, a state that does not provide a taxpayer with a meaningful opportunity to withhold payment and to obtain a predeprivation determination of a tax assessment's validity must instead permit the taxpayer to commence a postdeprivation proceeding that offers a fair opportunity to challenge the accuracy and legal validity of the tax obligation and a "clear and certain remedy," in the form of a refund, for any erroneous or unlawful tax collection to ensure that the opportunity to contest the tax is meaningful. *McKesson Corp. v. Div. of Alcoholic Beverages and Tobacco, Dep't of Business Regulation of Florida,* 496 U.S. 18, 38, 110 S.Ct. 2238, 2251, 110 L.Ed.2d 17 (1990).

therefore did not retroactively "reinstate" anything.

More importantly, the only retired federal employees whose interests may have been set back by the judgment on remand were those who, unlike any of the taxpayer-appellants, had failed to file timely amended returns or protective refund claims for one or more of the years in question. Having yet failed to exhaust their administrative remedies as required by *Estate of Bohn*, none of those federal retirees were before the tax court on remand. The central analytical mistake that the taxpayer-appellants make in this appeal is in imputing to the Arizona scheme for administrative and judicial relief for individual income taxpayers the uncertainty they have encountered in pursuing the class relief on which they set their sights in the beginning. There is no constitutional lack of clarity or certainty in the postdeprivation relief available to the appellant taxpayers and those like them who have made timely individual refund claims.

Even if claims of untimely filers of administrative refund claims had properly been before the tax court, the tax court would have committed no constitutional error in refusing to grant further relief. In *McKesson* the Supreme Court stated:

A State's freedom to impose various procedural requirements on actions for postdeprivation relief sufficiently meets this concern [over ability to engage in sound fiscal planning] with respect to future cases. **The State might, for example, provide by statute that refunds will be available only to those taxpayers paying under protest or providing some other timely notice of complaint; ... [and] enforce relatively short statutes of limitations applicable to such actions....** The State's ability in the future to invoke such procedural protections suffices to secure the State's interest in stable fiscal planning when weighed against its constitutional obligation to provide relief for an unlawful tax.

496 U.S. at 45, 110 S.Ct. at 2254. (Emphasis added.) *McKesson* is thus fundamentally inconsistent with the taxpayers' implicit contention that a state's postdeprivation remedy for unconstitutional taxation is not "clear and certain" unless it permits the bypassing of state procedural requirements by way of class action proceedings. For that reason, there was no basis for the taxpayers' claim, even if properly before the tax court, that due process required notice to all federal retirees who paid Arizona income taxes in 1984–88 or for tolling of the time for filing administrative refund claims as of the commencement of this litigation.[4]

▮▮ We finally reject the taxpayers' reliance on our recent opinion in *R.L. Augustine Const. Co., Inc. v. Peoria Unified Sch. Dist. No. 11*, 183 Ariz. 393, 904 P.2d 462 (App. 1995) (petition for review pending), for the proposition that the alleged partiality of DOR officials rendered the entire Arizona administrative and judicial refund process constitutionally inadequate. *R.L. Augustine* held only that an administrative regulation which required contract disputes with school districts to be adjudicated by the school district's governing board was unconstitutional "because it permit[ted] a party with a direct financial interest in the outcome to resolve a contract dispute.... A governmental entity may not adjudicate cases in which it has, by

---

4. *Reich v. Collins*, —— U.S. ——, 115 S.Ct. 547, 130 L.Ed.2d 454 (1994) also fails to support the taxpayers' position. That case dealt with an anomalous Georgia Supreme Court decision holding that the Georgia statutory guarantee of a refund for any tax determined to have been erroneously or illegally assessed and collected under the laws of Georgia did not apply to "the situation where *the law under which the taxes are assessed and* collected is itself subsequently declared to be unconstitutional or otherwise invalid." *Reich v. Collins*, 262 Ga. 625, 422 S.E.2d 846, 849 (1992). The Supreme Court found a violation of due process: "[I]n the mid–1980's, Georgia held out what plainly appeared to be a 'clear and certain'

postdeprivation remedy, in the form of its tax refund statute, and then declared, only after Reich and others had paid the disputed taxes, that no such remedy exists. In this regard, the Georgia Supreme Court's reliance on Georgia's predeprivation procedures was entirely beside the point (and thus error), because even assuming the constitutional adequacy of these procedures—an issue on which we express no view— no reasonable taxpayer would have thought that they represented, in light of the apparent applicability of the refund statute, the exclusive remedy for unlawful taxes." —— U.S. at ——, 115 S.Ct. at 550. No similar "bait and switch," has occurred here.

virtue of its official, statutory duties, a pecuniary interest in the outcome." 183 Ariz. at 398, 904 P.2d at 467. As we stated in *Estate of Bohn:*

> The Department's administrative hearing division was never given the opportunity to consider the refund question. The Department's director never had the benefit of the evidence, legal arguments and findings the departmental hearing process would have generated. Furthermore, the Board of Tax Appeals issues the final decision in the administrative appeal process. The record contains no evidence that the Board of Tax Appeals had prejudged the issue. The Board is independent of the Department of Revenue and not subject to its control. *See* A.R.S. § 42–171(A) (It is "an independent agency which shall not in any way be subject to the supervision or control of the department of revenue.").

174 Ariz. at 251,.848 P.2d at 336.

The tax court was not compelled to entertain the granting of additional declaratory and injunctive relief based on events that occurred after the issuance of *Estate of Bohn,* and correctly refrained from doing so.

### CORRECTNESS OF TAX COURT'S ATTORNEYS' FEES AWARD ON REMAND

▌ A court in which an action pursuant to 42 U.S.C. § 1983 is brought may grant an award of attorneys fees under 42 U.S.C. § 1988 [5] to a prevailing defendant if "the defendants have been required to defend against 'unreasonable, frivolous, meritless or vexatious' actions." *Barrow v. Arizona Bd. of Regents,* 158 Ariz. 71, 79, 761 P.2d 145, 153 (App.1988). A fee award in a § 1983 action cannot be assessed in favor of a prevailing defendant unless the court finds the plaintiff's claim was vexatious, frivolous, or brought to harass or embarrass the defendant. *Hensley v. Eckerhart,* 461 U.S. 424, 429 n. 2, 103 S.Ct. 1933, 1937 n. 2, 76 L.Ed.2d 40 (1983). *See Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n,* 434 U.S. 412, 422, 98 S.Ct. 694, 700–01, 54

L.Ed.2d 648 (1978). A fee award to a prevailing defendant under § 1988 is properly based on a complete lack of merit in the plaintiff's claims, and cannot be supported if the plaintiff reasonably believed he had a conceivably meritorious claim for relief under § 1983. *See Davis v. City of Charleston, Mo.,* 917 F.2d 1502 (8th Cir.1990).

▌ We are aware that before the first appeal in this action, the tax court stated:

> The Court considers the taxpayers' Section 1983 claim to have been of dubious worth from the beginning. Not only was the factual predicate for the claim specious, but its successful effectuation would have been of no benefit to the putative plaintiff class. A successfully prosecuted Section 1983 claim, however, opens the door to an attorney's fee claim under Section 1988, a much more liberal attorney's fee statute than A.R.S. § 12–348. The Court can perceive no other reason the taxpayers' attorneys are still expending so much effort on this issue.

The award of fees that we now consider on appeal, however, was imposed against the individual taxpayer-appellants, not their counsel.

The taxpayers' second amended complaint sought declaratory and injunctive relief and damages under § 1983 against the individual appellees. The tax court denied injunctive relief and damages, and effectively denied declaratory relief under § 1983 by basing the declaration included in its first judgment on the Arizona declaratory judgment statutes, A.R.S. §§ 12–1831 *et seq.*

Even though DOR had prevailed on all the § 1983 claims, it did not apply for § 1988 fees before the 1991 judgment was entered. DOR now explains that this was because the tax court had found that the taxpayers were the prevailing parties under A.R.S. § 12–348 considering the totality of the litigation at that time. We are nevertheless at a loss to understand why, if DOR considered the taxpayers' claims pursuant to § 1983 to have

---

**5.** Section 1988 provides in pertinent part: "In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

been frivolous, unreasonable or groundless from the start, it made no attempt to establish an independent, offsetting claim for fees under 42 U.S.C. § 1988 at that time. As it developed, DOR made no record in the tax court in support of a § 1988 fees claim and allowed a final judgment to be entered that neither granted nor denied any such award. In our opinion, these omissions came perilously close to a waiver.

But assuming DOR's request for fees under 42 U.S.C. § 1988 was timely presented to the tax court for the first time on remand in this case, the request was incorrectly granted. *Davis* was decided before this action was commenced. The taxpayers alleged in their initial complaint that "the Defendants have demanded and will demand that Plaintiffs include the retirement benefits received by them from the United States Government in their respective Arizona adjusted gross incomes for income tax purposes." Although the retroactivity of *Davis* was not definitively established until *Harper v. Virginia Dep't of Taxation,* 509 U.S. 86, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993), Justice Kennedy has stated based on the positive and emphatic language of *Davis* itself: "it is quite implausible to contend that in this regard *Davis* decided 'an issue of first impression whose resolution was not clearly foreshadowed.'" He similarly noted that "*Davis* was a mere application of plain statutory language and existing precedent." 509 U.S. at 112, 113 S.Ct. at 2526 (Kennedy, J., concurring in part). In our opinion, there was at least a colorable basis in law for the assertion of claims for injunctive relief and damages against the individual appellees under § 1983. At no time before the entry of the tax court's initial judgment in this case could the taxpayers' claims for injunctive relief and damages under 42 U.S.C. § 1983 have been viewed as frivolous, unreasonable, meritless or groundless.

■ The tax court's award of § 1988 fees was also improper for another reason. *Christiansburg Garment* allows a court to award fees in favor of a prevailing defendant under § 1988 only if it issues findings supporting the existence of the required grounds for such relief. 434 U.S. at 422, 98 S.Ct. at 700–01. The taxpayers called this to the tax court's attention before it ruled on DOR's fees request, but the tax court's order made no such findings. An award of attorneys' fees against a plaintiff in a civil rights action cannot stand without the findings required by *Christiansburg Garment. See R.W.T. v. Dalton,* 712 F.2d 1225 (8th Cir.1983).

### CONCLUSION

The tax court did not err in dismissing the taxpayers' complaint on remand, or in declining to conduct further proceedings with a view toward granting additional relief based on occurrences post-dating *Estate of Bohn.* The tax court erred in awarding attorneys' fees against the taxpayers pursuant to 42 U.S.C. § 1988. We therefore remand with directions to modify the judgment to delete the award of attorneys' fees against appellants.

KLEINSCHMIDT and WEISBERG, JJ., concur.