[Civil No. 452. Filed January 11, 1896.]

[43 Pac. 422.]

## FRED G. HUGHES, Defendant and Appellant, v. A. LAZARD, Plaintiff and Appellee.

1. CONSTITUTIONAL LAW—TAXES AND TAXATION—REVENUE ACT, REV. STATS. ARIZ. 1887, TIT. 56, VALID—HARRISON ACT, 1ST SUPP. REV. STATS. U. S., P. 503—SPECIAL LEGISLATION REGULATING PRACTICE IN COURTS OF JUSTICE.—The revenue law of the territory providing that judgment may be entered in the district court for delinquent taxes, without the service of summons or notice thereof upon the owners of property on which the taxes are delinquent other than by publication, is valid and not in conflict with the provision of the Harrison Act, *supra*, providing that the territorial legislature shall pass no local or special act regulating the practice in courts of justice.

2. SAME—SAME—COURTS—SPECIAL PROCEDURE TO COLLECT TAXES.—The territory, through its legislature, can avail itself of the judicial power as the means by which it will collect the taxes; and in such proceedings it may prescribe such procedure as may best avail for that purpose, irrespective of the mode of procedure provided for the determination of controversies between individuals.

3. APPEAL AND ERROR—BILL OF EXCEPTIONS—STATEMENT OF FACTS—EVIDENCE—IMPROPER ADMISSION OF PAROL.—Where the facts are not presented by the bill of exceptions, nor by a statement of facts in the record, error in admitting parol evidence as to facts which could only be established by the records of the board of supervisors cannot be considered.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. Joseph D. Bethune, Judge. Affirmed.

The facts are stated in the opinion.

William M. Lovell, for Appellant.

Selim M. Franklin, for Appellee.

ROUSE, J.—This is an action in ejectment for the north half of lot 4 in block 223 in the city of Tucson. The said lot had been sold to the territory for the taxes for the year 1890, which had become delinquent. The time for redemption hav-

ing expired, a tax-deed was duly executed to the territory for said lot: Thereafter the board of supervisors of Pima County sold said lot to plaintiff, and executed a deed to him therefor. Plaintiff bases his right of action for the possession of said lot on the title created by said tax-deed. Defendant contends that the tax-deed to the territory is void, because the territorial revenue law, relating to bringing suits and obtaining judgments against property for delinquent taxes, is a special law, "regulating the practice in courts of justice," and violates the provisions of the act of Congress of 1886, commonly called the "Harrison Act."

No question is presented by the record as to the regularity of all the proceedings under the revenue law of the territory. Therefore, if the said revenue law is not in conflict with the provisions of the act of Congress commonly called the "Harrison Act," by reason of the fact that it is a special law "regulating the practice in courts of justice," the title of plaintiff to said lot is valid. The said act of Congress contains the following: "That the legislatures of the territories of the United States, now or hereafter to be organized, shall not pass local or special laws in any of the following enumerated cases, that is to say: Granting divorces. Changing the names of persons or places. Laying out, opening, altering, and working roads or highways. Vacating roads, town plats, streets, alleys, and public grounds. Locating and changing county seats. Regulating county and township affairs. Regulating the practice in courts of justice. Regulating the jurisdiction and duties of justices of the peace, police magistrates, and constables. Providing for change of venue in civil and criminal cases. . . . Providing for the management of common schools. Regulating the rate of interest on money. . . . The sale or mortgaging of real estate belonging to minors or others under disability. . . . In all other cases where a general law can be made applicable, no special law shall be enacted in any of the territories of the United States by the territorial legislatures thereof." The purpose of said act is to prevent local or special laws in the cases enumerated. The distinction between a special and a general law may not be capable of being formulated in a definition which will be exhaustive of the subject, and applicable to every case; and the question may be better determined upon a consideration of each particular case pre-

sented for its application by taking into view the purpose and character of the law, as well as the individuals upon whom it is to operate. *People* v. *Central Pacific R. R. Co.*, 105 Cal. 576, 38 Pac. 905. The further purpose of said act is to prevent special laws from being made in other cases where a general law can be made applicable. First: The act prohibits the making of a law "granting divorces." That cannot be construed to mean that a law by which divorces may be granted cannot be enacted. If that should be the construction of said act, there could be no more divorces granted in this territory. The proper construction to be placed thereon is, that divorces cannot be granted by an act of the legislature. Second: "Laying out, opening, altering, and working roads or highways." This provision cannot be construed to mean that a law cannot be made providing for the establishing of roads and for working them. Third: "Providing for change of venue in civil and criminal cases." This provision must certainly be construed to mean that changes of venue may be provided for, and may be had, but that a law with reference thereto must contain provisions which would enable all parties who can comply with the conditions imposed to have the benefit thereof. So, by examining each class enumerated in the act, it will not be difficult to understand the purpose thereof. The provision of said act to which attention is called, and on which appellant relies, is as follows: "Regulating the practice in courts of justice." It is contended that as the revenue law provides that judgment may be entered in the district courts for the delinquent taxes, and that no summons or notice thereof is served upon the owners of the property on which the taxes are delinquent other than by publication, such law "regulates the practice in courts of justice," and is in conflict with the provisions of said act of Congress, and for that reason void. In support of that view, the case of *People* v. *Central Pacific R. R. Co.*, 83 Cal. 393, 23 Pac. 303, is cited. The case cited involved the construction of a statute of California, which specified the mode to be pursued in the assessment and collection of taxes from railroads which were constructed through two or more counties of the state. The act did not apply to all railroads. Though, in the opinion in that case, it was stated that said law was in conflict with that provision of the constitution of California prohibiting the making

of a law "regulating the practice in courts of justice," the same court declared in the case of *People* v. *Central Pacific R. R. Co.,* 105 Cal. 576, 38 Pac. 905, that said statement "must be regarded as *obiter dicta,*" and in said last case sustained said law. The tax is an obligation from the citizen to the territory. It is not of the same character of obligations as exist between citizens; and for the purposes of its collection, the territory is not limited to the mode or to the same procedure which it prescribes for individuals in the collection of obligations between themselves. The collection of taxes is not the mere collection of a debt, but it is the sovereign act of the territory, to be exercised as may be prescribed by the legislature. The territory, through its legislature, can avail itself of the judicial power as the means by which it will collect the taxes; and in such proceedings it may prescribe such procedure as may best avail for that purpose, irrespective of the mode of procedure provided for the determination of controversies between individuals. *People* v. *Central Pacific R. R. Co.,* 105 Cal. 576, 38 Pac. 905.

Appellant contends that the district court erred in admitting parol evidence to show some things which had been done by the board of supervisors with reference to steps taken for the collection of the taxes due on the property in question, which could only be established by the records of the board of supervisors. As the facts are not presented by the bill of exceptions, nor by a statement of the facts in the record, we cannot consider that point. The judgment is affirmed.

Hawkins, J., concurs.

Baker, C. J., concurs in the judgment.