580 P.2d 329

The STATE of Arizona, and Neal G. Trasente, Director of Revenue of the State of Arizona, Appellants,

v.

LEVY'S, a division of Federated Dept. Stores, Inc., Montgomery Ward & Co., a corporation and Steinfeld's Stores, Inc., a corporation, Appellees.

No. 13469.

Supreme Court of Arizona, In Banc.

April 27, 1978.

Rehearing Denied June 6, 1978.

Bruce E. Babbitt, Former Atty. Gen., John A. LaSota, Jr., Acting Atty. Gen. by Ian A. Macpherson, Asst. Atty. Gen., Phoenix, for appellants.

Miller, Pitt & Feldman by Gerald Maltz and Stanley G. Feldman, Tucson, for appellees.

HOLOHAN, Justice.

Plaintiffs-appellees filed an action for declaratory relief to have Ariz.Rev.Stat. § 42–1321.01 (Supp.1977) declared unconstitutional.[1] The statute provides for an exemption from the transaction privilege tax on sales of less than $1,000 to Mexican residents with proper documentation within 30 miles of the Mexican border. The statute in question was passed to mitigate the adverse economic impact on Arizona business along the Mexican border effected by the devaluation of the Mexican peso. The exemption from the sales tax provided the opportunity for the border businesses to sell to Mexican citizens at a lower total price which it was hoped would bring back business to the areas.

Appellees own and operate department stores in the El Con Shopping Center in Tucson which is outside the 30-mile privi-

---

1. Ariz.Rev.Stat. § 42–1321.01 (Supp.1977) provides:

Exemptions.
In addition to the provisions of 42–1321 and until December 31, 1979 this article shall not apply to sales of less than one thousand dollars per transaction made directly to a legal resi-

dent of the Republic of Mexico who holds a valid nonresident alien border crossing card, or a valid nonimmigrant visa, and who displays such card, or visa, at the time of purchase. The provisions of this section shall apply only to those areas within thirty miles of the border between the United States and Mexico.

leged zone. They have traditionally done a substantial business with Mexican residents. In 1975 the sales volume to Mexican nationals was approximately $10.1 million. The devaluation of the Mexican peso had a substantial adverse economic impact on appellees, and within three months of the devaluation their business with Mexican nationals was reduced by one-third.

Appellees attack the constitutionality of the exemption for business within the 30-mile limit on the theory that the 30-mile privileged zone violated the Equal Protection and Privilege and Immunities Clauses of the U.S. and Arizona Constitutions.

The case was submitted to the trial court on an agreed statement of facts and cross motions for summary judgment. The trial court rendered judgment in favor of the plaintiffs-appellees. From the judgment of the trial court defendants-appellants have appealed. We took jurisdiction pursuant to Ariz.Sup.Ct.R. 47(e)(5) (1973).

The parties have submitted extensive briefs on the issue of whether Ariz.Rev. Stat. § 42–1321.01 violates the Equal Protection Clauses and the Privilege and Immunities Clauses of the United States and Arizona Constitutions. We have recently had occasion to discuss the law applicable to those issues. *Flagstaff Vending Company v. City of Flagstaff*, 118 Ariz. 556, 578 P.2d 985 (No. 13569, filed April 25, 1978). We pointed out in the cited case that the Equal Protection Clause is not violated if any state of facts can be reasonably conceived to sustain the classification. In other words, if there is a rational basis for the classification, there is no constitutional infirmity. Applying the rational basis test we have no difficulty finding that the exemption in question does not violate the Equal Protection Clause.

There is, however, another problem with the exemption statute. Unlike the other exemption provisions of the sales tax (Ariz.

Rev.Stat. § 42–1321), the provisions of Ariz. Rev.Stat. § 42–1321.01 are local in nature. The exemption in question does not apply throughout the state. It was in fact intended to apply to and benefit a particular locale. Such a provision violates art. 4 Pt. 2 § 19(9) of the Arizona Constitution.[2]

There have not been any cases decided by us on this provision since statehood. The question arises whether the constitutional provision applies to tax exemptions. It is necessary to refer to the history of the provision. The progenitor of the Arizona constitutional provision prohibiting local or special laws was the Harrison Act, a federal statute very similar to the present constitutional provision. *See* 24 Stat. 170 (1886), *current version* at 48 U.S.C. § 1471 (1970). This statute prohibited territorial legislatures from enacting local or special laws, and applied to the Arizona territory before statehood. *See Hughes v. Lazard*, 5 Ariz. 4, 43 P. 422 (1896); *Bravin v. Mayor and Common Council of the City of Tombstone*, 4 Ariz. 83, 33 P. 589 (1893). Before adoption of the Arizona constitutional provision prohibiting local or special laws, the United States Supreme Court specifically held that the provision in the Harrison Act prohibiting local or special laws in relation to the collection and assessment of taxes also applied to tax exemptions. *See Foster v. Pryor*, 189 U.S. 325, 23 S.Ct. 549, 47 L.Ed. 835 (1903). In adopting a constitutional provision similar to the Harrison Act, it must be assumed that the Constitutional Convention was aware of the interpretation placed on it and impliedly adopted the interpretation that the Supreme Court had placed on the Harrison Act.

There is no question but that the effect of the statutory exemption at issue is local in nature. The agreed facts are that appellees are faced with similar problems as those faced by the border businesses. Certainly it must be acknowledged that the

---

**2.** Ariz.Const. art. 4 Pt. 2 § 19(9) provides:
   Local or special laws.
   Section 19. No local or special laws shall be enacted in any of the following cases, that is to say:

9. Assessment and collection of taxes.

border businesses have a more acute problem. Nevertheless, the exemption provided by the Legislature does not treat all in the same fashion. The exemption is based on an arbitrary line drawn 30 miles from the Mexican border. The Arizona Constitution under art. 4 Pt. 2 § 19(9) forbids the enactment of such a law.

We hold that Ariz.Rev.Stat. § 42–1321.01 is unconstitutional and the exemption is void. The judgment of the Superior Court is affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur