Justice Blackmun, Circuit Justice.
This is an application for an injunction that would require Arkansas state officials to establish an escrow fund in which payments of the Arkansas Highway Use Equalization (HUE) Tax, see Ark. Stat. Ann. §§ 75-817.2 and .3 (Supp. 1985), shall be placed, pending further proceedings challenging the constitutionality of that tax in Arkansas courts. The applicants, American Trucking Associations, Inc., et al. (ATA), brought suit in 1983 to challenge the HUE tax under the *1307 Commerce Clause, Art. I, § 8, cl. 3, of the Federal Constitution. The Chancery Court of Pulaski County sustained the constitutionality of the tax, and a divided Arkansas Supreme Court affirmed. American Trucking Assns., Inc. v. Gray, 288 Ark. 488, 707 S. W. 2d 759 (1986). ATA appealed to this Court under 28 U. S. C. § 1257(2). We held the case pending our decision in No. 86-357, American Trucking Assns., Inc. v. Scheiner, which involved a similar constitutional challenge to two flat highway use taxes enacted by the Commonwealth of Pennsylvania. On June 23, 1987, this Court ruled in the Pennsylvania case that the Commonwealth’s highway taxes violated the Commerce Clause because “the taxes are plainly discriminatory” in that they impose a heavier burden on out-of-state businesses that compete in an interstate market than they impose on local businesses that engage in similar commerce. Ante, at 285-286. The Court explained further that the Pennsylvania taxes failed the “internal consistency” test because “[i]f each State imposed flat taxes for the privilege of making commercial entrances into its territory, there is no conceivable doubt that commerce among the States would be deterred.” Ante, at 284. We then vacated the judgment of the Arkansas Supreme Court and remanded the present case for further consideration in light of Scheiner. Ante, p. 1014. On July 16, 1987, pursuant to this Court’s Rule 52.2, I granted ATA’s motion for immediate issuance of the mandate.
Upon remand, ATA moved for further remand to the Chancery Court so that it could petition for a preliminary injunction either to enjoin enforcement of the HUE tax or to order an escrow of the funds collected. The Arkansas Supreme Court denied the motion. It also denied ATA’s application for temporary relief, in the form of an escrow, pending decision in this case. That court is now in summer recess and consequently will not consider the merits of ATA’s challenge until this fall, at the earliest. Applicants have re *1308 quested that I order an escrow of the tax revenues pending final disposition of the case on the merits.
Several factors control a single Justice’s consideration of an application for writ of injunction pursuant to this Court’s Rule 44. If there is a “significant possibility” that the Court would note probable jurisdiction of an appeal of the underlying suit and reverse, and if there is a likelihood that irreparable injury will result if relief is not granted, the Justice may issue an injunction. See Nebraska Press Assn. v. Stuart, 423 U. S. 1327, 1330 (1975) (Blackmun, J., in chambers). See also, e. g., Ledbetter v. Baldwin, 479 U. S. 1309, 1310 (1986) (Powell, J., in chambers); Rostker v. Goldberg, 448 U. S. 1306, 1308 (1980) (Brennan, J., in chambers). Applying these principles to the facts before me, I grant the application.
After considering the submissions of applicants and respondents, I have concluded that ATA is likely to succeed on the merits of its challenge to the Arkansas HUE tax. The effect of the HUE tax is substantially similar to that of the Pennsylvania unapportioned flat taxes invalidated in Scheiner. For most motor carriers, the HUE tax is a flat amount that is not assessed in proportion to the taxpayer’s presence in the State. According to the statistics presented to the Arkansas courts, in its practical operation the tax discriminates against interstate motor carriers whose trucks are registered outside Arkansas. On average, trucks registered outside Arkansas pay a per-mile HUE tax that is more than three times greater than the per-mile tax paid by trucks registered in Arkansas. Respondents argue that the validity of this statistical evidence has not been established. But given the structure of the tax, which benefits trucks that travel extensively within the State, it appears probable that any further analysis would confirm the discriminatory impact. Moreover, the tax exposes trucks that engage in extensive interstate operations to a cumulative tax burden that is not shared by trucks that operate in only one or a few States. *1309 The tax thus works to deter interstate commerce. I therefore find that there is a significant possibility that the Arkansas courts will declare the HUE tax unconstitutional under the “internal consistency” test pronounced by this Court in Scheiner. If they fail to do so, I believe that there is a significant possibility that four Justices will consider the issue sufficiently meritorious to note probable jurisdiction and that this Court will reverse the decision.
I have also concluded that the applicants risk irreparable injury absent injunctive relief. Arkansas officials have expressed their intention to continue collecting the HUE taxes during the pendency of the case and have refused to accept payment of the taxes “under protest.” Motor carriers operating interstate must pay the annual HUE tax by August 31. If motor carriers refuse to pay the tax pending a determination of its constitutionality, they will be barred from the State’s highways and will suffer substantial economic losses. On the other hand, if motor carriers pay the tax, there is a substantial risk that they will not be able to obtain a refund if the tax ultimately is declared unconstitutional. Applicants assert, by way of affidavit, that the Arkansas Highway Department has informed them that, should the tax be invalidated, the State will assert immunity from any subsequent refund order. Respondents have not denied that they will adopt this stance. There is a risk that, like other state courts, the Arkansas courts would deny restitution of taxes found to have been unconstitutionally collected. See, e. g., Private Truck Council of America, Inc. v. New Hampshire, 128 N. H. 466, 473-477, 517 A. 2d 1150, 1155-1157 (1986); American Trucking Assns., Inc. v. Conway, 146 Vt. 579, 586-588, 508 A. 2d 408, 413-414 (1986), cert. denied, ante, p. 1019. Such a denial would constitute irreparable injury.
For their part, respondents will not be irreparably injured by the issuance of the injunction. Respondents have not argued that the temporary loss of revenues, while the funds are held in escrow, will adversely affect the State’s operations. *1310 Rather, they contend that the State will be harmed if the funds are returned to the motor carriers, because the HUE tax is intended to defray the cost of wear on Arkansas’ highways attributable to the heavy trucks subject to the tax. But the requested injunction would not direct a refund. If the funds are escrowed and the HUE tax is invalidated, the issue of the appropriate remedy will be a separate matter for the Arkansas courts to determine. On balance, therefore, I conclude that the equities favor issuance of the injunction. Accordingly, I have today entered an order enjoining respondents to escrow the HUE taxes to be collected, until a final decision on the merits in this case is reached.