916 P.2d 1173

Clark J. KERR and Billie Sue Kerr, husband and wife, Susan Moran, Steve Allen, and John Udall, on behalf of themselves and all persons resident in Arizona who were employees of the United States Government in any one or all of the years during the period 1984 through the present and who paid Arizona income taxes on federal retirement contributions for any of such years, and all members of the certified class, Plaintiffs–Appellants, Cross–Appellees,

v.

Paul WADDELL, individually and as Director of the Department of Revenue of the State of Arizona, Craig Cormier, individually and Assistant Director of the Arizona Department of Revenue, and all unknown agents, employees, successors in office, assistants and all others acting in concert with them or at their direction, and the Department of Revenue of the State of Arizona, Defendants–Appellees, Cross–Appellants.

No. 1 CA–TX 92–0010.

Court of Appeals of Arizona,
Division 1, Department T.

April 23, 1996.

458

Bonn, Luscher, Padden & Wilkins, Chartered by Brian A. Luscher, Paul V. Bonn, Randall D. Wilkins, Phoenix, and O'Neil, Cannon & Hollman, S.C. by Eugene O. Duffy, Gregory W. Lyons, Milwaukee, WI, for Appellants/Cross–Appellees.

Grant Woods, Attorney General by Gail H. Boyd, Assistant Attorney General, Patrick Irvine, Assistant Attorney General, Phoenix, for Appellees/Cross–Appellants.

## OPINION

TOCI, Judge.

Arizona previously exempted from income taxation all contributions to retirement plans paid for by state or local governmental employers, but levied an income tax on retirement contributions paid for by the federal government. The United States Supreme Court found a similar tax scheme violative of the doctrine of intergovernmental tax immunity in *Davis v. Michigan Department of Treasury*, 489 U.S. 803, 109 S.Ct. 1500, 103 L.Ed.2d 891 (1989). The taxpayers in this case filed suit in tax court seeking refunds and declaratory and injunctive relief under 42 U.S.C. § 1983 (1981).

On appeal, we held that the trial court erred in not dismissing the taxpayers' state-law claims for failure to exhaust administrative remedies. *Kerr v. Waddell*, 183 Ariz. 1, 8, 899 P.2d 162, 169 (App.1994) (*"Kerr I"*). We further held that taxpayers need not exhaust their administrative remedies to bring a claim under 42 U.S.C. § 1983 in tax court and that the tax scheme violated the doctrine of intergovernmental tax immunity. *Id.* at 10, 14, 16, 899 P.2d at 172, 176, 178. After we decided *Kerr I*, the United States Supreme Court issued its decision in *National Private Truck Council, Inc. v. Oklahoma*

*Tax Commission,* — U.S. —, 115 S.Ct. 2351, 132 L.Ed.2d 509 (1995), which held that state courts cannot hear § 1983 claims challenging tax laws when adequate legal remedies exist.

On remand from the Arizona Supreme Court, we vacate our previous opinion and file this opinion in its stead. We hold that the tax court's subject matter jurisdiction to hear state-law tax claims and § 1983 tax claims is subject to the exhaustion of administrative remedies. Because Arizona's administrative tax procedure is an adequate legal remedy that was not exhausted in this case, we find that the trial court lacked subject matter jurisdiction to hear these claims. Accordingly, we reverse the tax court's conclusions on the merits and remand with instructions to dismiss the taxpayers' suit seeking refunds and declaratory and injunctive relief under 42 U.S.C. § 1983.

## I. FACTS AND PROCEDURAL BACKGROUND

In *Davis,* the United States Supreme Court considered a Michigan income tax scheme that differed in its treatment between the retirement benefits of state and federal employees. 489 U.S. at 805, 109 S.Ct. at 1502. Michigan defined taxable income in a manner that excluded all retirement benefits received from the state or its political subdivisions, but included retirement benefits received from the federal government. *Id.* at 806, 109 S.Ct. at 1503. The Court held that the discriminatory treatment of federal employees violated the doctrine of intergovernmental tax immunity and 4 U.S.C. § 111 (1985), which prohibits discrimination against officers and employees of the

federal government because of the source of their income or compensation. *Id.* at 817, 109 S.Ct. at 1508–09.

After the Supreme Court's decision in *Davis,* federal employees Clark Kerr and his wife, Susan Moran, Steve Allen, and John Udall ("the taxpayers") filed a complaint in the tax court seeking relief under 42 U.S.C. § 1983 against the director and assistant director of the Arizona Department of Revenue ("ADOR"), and ADOR itself (collectively "defendants"). The taxpayers attacked Arizona's income tax statutes excluding from state income taxation the retirement contributions of state and local government employees, while taxing the retirement contributions of federal employees. The taxpayers sought a declaration that the state's tax scheme was unconstitutional, an injunction prohibiting defendants from collecting taxes on federal employee retirement contributions, income tax refunds for the years 1984 through 1988, and damages.[1] The taxpayers also moved to certify a class of approximately 41,500 federal employees, their estates, and survivors. None of the taxpayers prosecuted a claim for refunds through the Arizona administrative process before filing the action in the tax court.

After cross-motions for summary judgment on various issues, the tax court held: (1) the taxpayers were not required to exhaust their administrative remedies before bringing this action; (2) as a matter of law, the individual defendants were qualifiedly immune from liability on the taxpayers' claims for damages pursuant to 42 U.S.C. § 1983; (3) a violation of 4 U.S.C. § 111 is legally cognizable under § 1983; (4) the ac-

---

1. A resident's "gross income" for Arizona income tax has been statutorily defined as "his federal adjusted gross income for the taxable year, computed pursuant to the Internal Revenue Code." Ariz.Rev.Stat.Ann. ("A.R.S.") § 43–1001(2) (Supp.1995) (footnote omitted). Pursuant to 26 U.S.C. § 414(h), state employee retirement contributions were "treated as employer contributions for the purpose of determining tax treatment under the United States Internal Revenue Code." A.R.S. § 38–781.04(D) (1985) (repealed Mar. 30, 1995) (footnote omitted). The effect of this "pick up" was to remove employee retirement contributions from their federal gross income. Consequently, these contributions were

exempt from Arizona income taxation. Additionally, A.R.S. § 43–1022(2) (1980) (amended by Supp.1995) subtracted from Arizona gross income all "[c]ontributions made to the state retirement system, the judges' retirement fund, the public safety personnel retirement system or a county or city retirement plan." These statutes effectively removed all retirement contributions to all state and local government employees from Arizona income taxation. No provision of Arizona law subtracted federal employee retirement contributions from Arizona gross income. Nor did the federal government "pick up" these contributions, thereby removing them from federal (and consequently Arizona) gross income.

tion was properly maintainable as a class action; (5) as applied A.R.S. section 43–1022(2) violated the doctrine of intergovernmental tax immunity and, thus, unconstitutionally discriminated against the taxpayers; and (6) except to the extent that A.R.S. section 43–1022(2) discriminated against the taxpayers, the Arizona scheme of income taxation of contributions to governmental retirement plans did not violate the doctrine of intergovernmental tax immunity.

With the summary judgment proceedings, the tax court denied the taxpayers' motion for an order directing the state to extend to them prospectively the state income tax exemption it had declared violative of the intergovernmental tax immunity doctrine. The tax court also determined that, pursuant to *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), the legal principle established by *Davis* would not be retrospectively applied. Therefore, the taxpayers were not entitled to refunds of Arizona income taxes previously paid on contributions to federal retirement systems. The tax court entered judgment in accordance with its rulings. The taxpayers appealed. The defendants cross-appealed.

On September 13, 1994, we issued our opinion resolving the appeal and cross-appeal. *Kerr v. Waddell*, 183 Ariz. 1, 899 P.2d 162. We affirmed in part the tax court's grant of declaratory relief, holding: (1) violation of the doctrine of intergovernmental tax immunity, codified as 4 U.S.C. § 111, gave rise to an enforceable right under 42 U.S.C. § 1983; (2) the taxpayers could not be required to exhaust their administrative remedies before bringing claims for damages and declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 in the tax court; (3) A.R.S. section 43–1022(2) violated the intergovernmental tax immunity doctrine by excluding state and local employees' contributions to retirement plans not "picked up" by the employer under 26 U.S.C. § 414(h), but not those of similarly situated federal employees; and (4) the tax court's refusal to declare that the taxpayers were entitled to be exempted prospectively from Arizona income taxation of their contributions to federal retirement plans was not error. Finally, we affirmed

the entry of summary judgment in favor of the individual defendants on the taxpayers' claim for damages under 42 U.S.C. § 1983, based on qualified immunity.

We reversed other portions of the tax court's judgment. We held that A.R.S. section 43–1001(2) violated the intergovernmental tax immunity doctrine by taxing federal retirement contributions while exempting state and local retirement contributions. We held that the adoption of federal adjusted gross income as Arizona gross income in section 43–1001(2) without any compensating deduction of the federal retirement contributions that are automatically included in it discriminated against federal employees. We also held that the tax court lacked subject matter jurisdiction to rule on the taxpayers' state-law refund claims because they failed to exhaust their administrative remedies before ADOR and the Board of Tax Appeals ("BOTA"). We vacated the tax court's decision not to enjoin further enforcement of A.R.S. section 43–1001(2) and remanded for further consideration of that decision in light of our conclusion that section 43–1001(2) unconstitutionally discriminated against federal workers. Finally, because of our resolution of the dispositive issues, we noted that we were not required to address other issues.

Our supreme court granted review and remanded the case to this court for reconsideration in light of the United States Supreme Court's opinion in *National Private Truck Council*, and we requested supplemental briefing on additional issues in light of that case. We now vacate our opinion of September 13, 1994, and reverse the tax court's judgment with directions to dismiss the action in its entirety.

## II.  DISCUSSION

### A.  State–Law Claims

■ Arizona provides an administrative remedy for individuals who believe they have been wrongly denied a tax refund. A.R.S. section 42–130 (1991) provides that if ADOR disallows a claim for refund, it must notify the taxpayer, who then may appeal the decision. The taxpayer may petition for a hear-

ing within ninety days from the date the notice denying the claim is mailed. A.R.S. § 42–122(A) (Supp.1995). ADOR must consider the petition and grant a hearing, if requested. *Id.* The order or decision on the petition becomes final thirty days after the taxpayer receives notice of the order or decision, unless the taxpayer appeals to BOTA. A.R.S. § 42–122(C).

The appeal to BOTA may be taken within thirty days of the decision or order of ADOR. A.R.S. § 42–124(A) (Supp.1995). Then, "the board shall take testimony and examine documentary evidence as necessary to determine the appeal...." *Id.* An unsuccessful taxpayer may then appeal within thirty days of BOTA's final decision or order to the tax court for *de novo* review. A.R.S. § 42–124(B).

The doctrine of exhaustion of administrative remedies is firmly entrenched in Arizona. *Univar Corp. v. City of Phoenix,* 122 Ariz. 220, 223, 594 P.2d 86, 89 (1979). "When a party fails to exhaust all his administrative remedies he is thereby precluded from asserting his right to judicial review and the trial court is without jurisdiction to entertain such action." *Mountain View Pioneer Hosp. v. Employment Sec. Comm'n,* 107 Ariz. 81, 85, 482 P.2d 448, 452 (1971). We held in *Estate of Bohn v. Waddell,* 174 Ariz. 239, 251, 848 P.2d 324, 336 (App.1992), *cert. denied,* 509 U.S. 906, 113 S.Ct. 3000, 125 L.Ed.2d 693 (1993), that taxpayers were required to exhaust the state's administrative remedies before bringing a claim in the tax court for a tax refund.

The taxpayers present multiple arguments in support of their view that administrative exhaustion is not required before filing suit in the tax court. They argue that the administrative refund process conflicts with the tax court's original jurisdiction under the Arizona Constitution over claims involving the legality of taxes. They also contend that it is fatally uncertain, that it does not promote judicial efficiency, that it is futile, and that it

is permissive rather than mandatory. Finally, they contend that the legislature's passage of A.R.S. section 35–196.03 (Supp.1995) has stripped BOTA of whatever power it once had to fashion a remedy. According to the taxpayers, because section 35–196.03 conditions the right to a refund on a legislative appropriation, the administrative scheme is inadequate as a matter of law.

■ We first reject the taxpayers' assertion that section 35–196.03 renders the administrative process futile. Testimony obtained from ADOR officials clearly indicates that monies refunded for taxes paid under an unconstitutional statute are not paid from the state treasury, but from current tax collections. According to undisputed evidence in the record, total tax refunds claimed by the taxpayers do not exceed current tax revenues. Under these circumstances, no legislative appropriation is required to pay refunds. Consequently, A.R.S. section 35–196.03 does not render the administrative process inadequate.

*Bohn* is dispositive of the remainder of the taxpayers' contentions. We fully considered the exhaustion issue in *Bohn* and will not revisit it here. Pursuant to *Bohn,* the tax court erred to the extent that it held the taxpayers were not required to resort to and exhaust their state administrative remedies before prosecuting their state-law claims against ADOR.[2]

■ On remand from the supreme court, the taxpayers contend that they were awarded declaratory relief under both 42 U.S.C. § 1983 and the Arizona Uniform Declaratory Judgments Act. Therefore, we must address any state-law claims for declaratory relief. First, the tax court, in granting declaratory relief, only expressly relied on § 1983 and federal constitutional and statutory provisions. The tax court made no mention of any independent state grounds for its decision. Additionally, even if declaratory relief were

---

**2.** The taxpayers' citation to *Kuhn v. State Dep't of Revenue of State of Colo.,* 817 P.2d 101 (Colo. 1991), and *Brumley v. Utah State Tax Comm'n,* 868 P.2d 796 (Utah 1993), is unavailing. In those cases, the administrative agencies were not allowed to consider constitutional issues. Arizona administrative agencies, on the other hand, may. *Bohn,* 174 Ariz. at 248, 848 P.2d at 333. Furthermore, even if an agency is unable to apply constitutional doctrines, other reasons support the exhaustion of administrative remedies. *Id.* at 250, 848 P.2d at 335.

granted on state grounds, we recently held in *Estate of Bohn v. Scott,* 185 Ariz. 284, 915 P.2d 1239 (App.1996), that state-law claims for declaratory and injunctive relief are not jurisdictionally distinct from claims for tax refunds. 185 Ariz. at 290, 915 P.2d at 1245. Therefore, the tax court's jurisdiction to hear state-law claims for declaratory and injunctive relief is subject to the exhaustion of administrative remedies as well.

## B. 1983 Claims

■ In *Kerr I,* we declined to follow other states' decisions that relied on *Fair Assessment in Real Estate Association, Inc. v. McNary,* 454 U.S. 100, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981). Consequently, we held that challenges to state taxing schemes under 42 U.S.C. § 1983 are not subject to exhaustion of administrative remedies. We based our decision on the principles that state law cannot make bringing a § 1983 claim more burdensome than bringing it in federal court, *Felder v. Casey,* 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988), and that § 1983 claims are not conditioned on exhaustion of state administrative remedies, *Zeigler v. Kirschner,* 162 Ariz. 77, 781 P.2d 54 (App.1989). We distinguished *McNary* on the grounds that there the Supreme Court held that judicial comity barred *federal* courts from hearing § 1983 claims challenging state taxes when there was a plain, adequate, and complete state remedy. Consequently, we held that § 1983 challenges to state taxes in state courts were not conditioned on the exhaustion of administrative remedies. *Kerr I,* 183 Ariz. at 9–10, 899 P.2d at 170–71.

Nine months later, the United States Supreme Court issued its decision in *National Private Truck Council.* The Court held that § 1983 does not allow "either federal or state courts to award injunctive and declaratory relief in state tax cases when an adequate

legal remedy exists." —— U.S. at ——, 115 S.Ct. at 2355. The decision was

> supported not only by the background principle of federal non-interference discussed in [*McNary,*] but also by the principles of equitable restraint discussed at length in that case. Whether a suit is brought in federal or state court, Congress simply did not authorize the disruption of state tax administration in this way.

*Id.* at ——, 115 S.Ct. at 2356 (citation omitted).

■ Although *National Private Truck Council* did not specifically address whether courts could award damages under § 1983 in state tax cases,[3] we interpret it to forbid an award of damages for the same reasons that injunctive and declaratory relief are forbidden. *See McNary,* 454 U.S. at 108–13, 102 S.Ct. at 182–85. Where an adequate remedy exists under state law, no relief of any kind is available in a state court action brought under § 1983 challenging the assessment or collection of state taxes. Taxpayers cannot therefore avail themselves of a claim for damages or injunctive or declaratory relief. Consequently, our holding in *Kerr I* was erroneous. We now examine the taxpayers' claim in light of *National Private Truck Council.*

■ To determine if the tax court was prohibited from hearing the taxpayers' claim, we must resolve whether an adequate legal remedy in state law exists. *National Private Truck Council,* —— U.S. at —— — ——, 115 S.Ct. at 2355–56. Under the Tax Injunction Act, federal courts are divested of jurisdiction to hear state tax cases if there is a "plain, speedy and efficient" remedy. 28 U.S.C. § 1341 (1988). The Act does not, however, apply to state courts. Consequently, we are not bound to define an adequate state remedy as one that is plain, speedy, and efficient. We believe, however, that this standard is appropriate for defining an adequate remedy.[4]

**3.** The Oklahoma Supreme Court awarded refunds under state law. —— U.S. at ——, 115 S.Ct. at 2353. In *National Private Truck Council,* the Supreme Court also noted that *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), precluded the taxpayers' claim for refunds against the state under

§ 1983. —— U.S. at —— n. 5, 115 S.Ct. at 2355 n. 5.

**4.** As the Supreme Court noted in *McNary,* what is important about defining an adequate remedy is that it "refer to the obvious precept that plaintiffs seeking protection of federal rights in federal

■ A state remedy is plain, speedy, and efficient only if it meets certain minimal procedural requirements. *Rosewell v. La-Salle Nat'l Bank,* 450 U.S. 503, 512, 101 S.Ct. 1221, 1228–29, 67 L.Ed.2d 464 (1981). These requirements are that the state must provide taxpayers with a full hearing and judicial determination at which they may raise any and all constitutional objections to the tax. *California v. Grace Brethren Church,* 457 U.S. 393, 411, 102 S.Ct. 2498, 2509, 73 L.Ed.2d 93 (1982). Furthermore, the state may provide either predeprivation or postdeprivation remedies to satisfy due process. *McKesson Corp. v. Division of Alcoholic Beverages and Tobacco, Dep't of Bus. Reg. of Florida,* 496 U.S. 18, 36–40, 110 S.Ct. 2238, 2250–52, 110 L.Ed.2d 17 (1990).

The statutory administrative process for challenging the denial of claims for tax refunds provides for hearings both by ADOR, A.R.S. section 42–122(A), and by BOTA, A.R.S. section 42–124(A), (B). At these hearings, both ADOR and BOTA have authority to consider the constitutionality of the challenged tax statute. *Bohn,* 174 Ariz. at 248, 848 P.2d at 333. At the conclusion of the administrative process, the taxpayers have a right to appeal to the tax court for *de novo* review. A.R.S. § 42–124(B).

We find that Arizona's administrative process for challenging the denial of tax refunds meets the requirements of *National Private Truck Council* and *Grace Brethren* and is an adequate state remedy. We, therefore, hold that the tax court did not have subject matter jurisdiction to hear the taxpayers' § 1983 claims absent the exhaustion of their administrative remedies. Because the taxpayers did not exhaust these administrative remedies, the tax court lacked subject matter jurisdiction and erred in failing to dismiss the § 1983 claims.

### 2. Taxpayers' Argument that the Administrative Remedy is not Plain, Speedy, or Efficient

#### a. Plain

■ The taxpayers argue that the administrative remedy is not plain. They contend

that the remedy is uncertain because (1) defendants claim there is no statutory right to refunds or other relief under Arizona law, (2) ADOR and BOTA are powerless to declare taxes unconstitutional, (3) Arizona law is uncertain as to how to preserve the right to a refund remedy, (4) defendants have made inconsistent assertions as to BOTA's jurisdiction to hear these claims, and (5) both defendants and BOTA are represented by the same counsel in this appeal. We disagree with each of these contentions.

Citing *American Trucking Associations, Inc. v. Gray,* 483 U.S. 1306, 108 S.Ct. 2, 97 L.Ed.2d 790 (1987), the taxpayers argue that the administrative refund system is rendered uncertain by ADOR's repeated assertion that the taxpayers have no right to refunds or other relief. In *American Trucking,* Arkansas state officials declared their intention to continue collecting taxes closely similar to those held unconstitutional by *American Trucking Associations, Inc. v. Scheiner,* 483 U.S. 266, 107 S.Ct. 2829, 97 L.Ed.2d 226 (1987), and also to refuse payment under protest of any such taxes. While appeal was pending in the Arkansas Supreme Court after remand, Justice Blackmun, sitting as Circuit Justice, issued an order directing state officials to escrow the collected taxes until a final decision was reached. 483 U.S. at 1310, 108 S.Ct. at 4.

*American Trucking* is inapposite. First, it did not involve the question of whether there was a plain, speedy, and efficient remedy in state law. Second, Justice Blackmun found that the taxpayers in that case faced a likelihood of irreparable injury absent injunctive relief. *Id.* at 1309, 108 S.Ct. at 3–4. No such likelihood exists here. Finally, the position taken by ADOR cannot compromise the power of BOTA or the tax court to grant adequate relief. *See Bohn,* 174 Ariz. at 250, 848 P.2d at 335 (BOTA is the final decision maker in the administrative process and is an independent agency, not bound by ADOR's policies).

courts should be remitted to their state remedies if their federal rights will not thereby be lost."

454 U.S. at 176 n. 8, 102 S.Ct. at 222 n. 8.

Defendants next contend that ADOR and BOTA lack the authority to declare tax statutes unconstitutional. We considered this argument in *Bohn*. 174 Ariz. at 249, 848 P.2d at 334. While neither ADOR nor BOTA has the power to declare a statute unconstitutional, both can apply constitutional doctrines to resolve claims. *Id.* This is all that is required of the administrative proceedings.

Defendants argue that the administrative process is not plain because it is uncertain how a taxpayer preserves his right to a refund remedy. First, citing *Bohn,* they claim that the courts have endorsed class refund claims, but neither ADOR nor BOTA will respect class claims. Contrary to the taxpayers' assertions, *Bohn* did not endorse class refund claims. 174 Ariz. at 251, 848 P.2d at 336. "The rule requiring parties to exhaust administrative remedies extends to actions brought on behalf of a class. The cases generally agree that a class action cannot be maintained unless at least one member of the putative class has exhausted applicable administrative remedies." *Id.*

■ Next, the taxpayers contend that BOTA's regulation providing for a rehearing, Arizona Administrative Code R16–3–121, makes it uncertain how taxpayers preserve the right to a refund after an initial unfavorable decision by BOTA. They claim that, if BOTA has the power to adopt such regulations, then no taxpayer claim can properly be heard by the tax court absent a request for rehearing. On the other hand, they argue, if BOTA does not have authority to adopt such regulations, a rehearing would be a nullity and the taxpayers' time to file an appeal in the tax court begins to run once BOTA's initial decision or order is issued. As a result, they claim that, once receiving a decision from BOTA, a taxpayer cannot know whether he is required to request a rehearing or seek an appeal in the tax court and, thus, must do both.

We do not agree that potentially having to file two appeals in the tax court makes the administrative process less than plain. Neither do we reach the issues of whether BOTA has the authority to adopt a regulation allowing a rehearing or whether, if BOTA has such authority, a rehearing tolls the time for filing of an appeal in the tax court. Nevertheless, we find that the unresolved method of proceeding does not render the administrative procedure fatally uncertain. At most, two actions would be required—one from the initial BOTA denial of the refund request and one from its denial of rehearing. One or the other of these would be sufficient to preserve the taxpayers' right to judicial review of the underlying questions.

■ The taxpayers next argue that the administrative process is not plain because defendants have made inconsistent claims regarding BOTA's jurisdiction to hear their refund claim. The position taken by defendants in this forum is not binding on BOTA or the courts of this state. If BOTA refuses to hear the taxpayers' refund claims when they reach that stage of the administrative process, their administrative remedies will then have been exhausted and they can properly appeal to the tax court. A.R.S. § 42–124(B).

■ Finally, the taxpayers argue that the administrative process is not plain because the same counsel represented both ADOR and BOTA, as *amicus curiae,* on appeal. They contend that administrative tribunals are required to maintain judicial impartiality and that joint representation demonstrates bias, thus violating the taxpayers' right to due process. We disagree. *Withrow v. Larkin,* 421 U.S. 35, 46, 95 S.Ct. 1456, 1463–64, 43 L.Ed.2d 712 (1975), cited by the taxpayers, held that except for those claims of prejudice specifically identified as having a probability of actual bias that is too high to be constitutionally tolerable, "a presumption of honesty and integrity in those serving as adjudicators" must be overcome. 421 U.S. at 47, 95 S.Ct. at 1464. The attorney general's dual representation of ADOR and BOTA, both state agencies, does not overcome the presumption that BOTA would act honestly.

**b. Speedy**

■ The taxpayers contend that the administrative remedy is not speedy. They claim that there has been a delay in excess of thirty-one months in the administrative process and that BOTA has an excessive backlog

of undecided cases. Additionally, they argue that the legislature's failure to impose reasonable time limits on the administrative process is unconstitutional. We disagree. We find the administrative process sufficiently speedy to satisfy the requirements of *National Private Truck Council.*

Much of the delay in the administrative process results from the taxpayers' position during litigation that their refund claims were protective only, that the claims did not waive their objection to the subject matter jurisdiction of ADOR, and that ADOR should have been disqualified for bias. Additional delay can be attributed to the uncertainty necessarily created by the tax court action and subsequent appeals, which the taxpayers elected to commence without regard to the administrative process. Consequently, we conclude that most of the delay is the direct result of the taxpayers' choice of the forum in which to litigate their claims.

■ Citing *Coit Independence Joint Venture v. Federal Savings & Loan Insurance Corp.*, 489 U.S. 561, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989), the taxpayers argue that Arizona's remedial scheme violates due process because it does not impose reasonable time limits within which administrative agencies must act. *Coit*, however, does not support the taxpayers' position. There, the Court held that the administrative claims procedure promulgated by FSLIC was inadequate because it did not place a reasonable time limit on the consideration of claims. The Court found that the procedure allowed the agency "to delay the administrative processing of claims indefinitely, denying a litigant its day in court, while the statute of limitations runs." 489 U.S. at 587, 109 S.Ct. at 1376. In Arizona, the statutory limitations period does not commence to run until the administrative process is complete. *Third & Catalina Assocs. v. City of Phoenix,* 182 Ariz. 203, 207, 895 P.2d 115, 119 (App.1994). Consequently, taxpayers in Arizona do not lose their right to an action in the tax court as a result of lengthy administrative actions. Furthermore, as suggested above, the unique procedural facts of this case do not exemplify the normal operation of the administrative refund procedure.

### c. Efficient

■ The taxpayers contend that the administrative process is not efficient. They claim that repeated *de novo* review is an undue hardship and that the denial of class relief in the administrative proceedings is inefficient. We disagree.

A system of *de novo* review allows taxpayers to appeal adverse rulings without being bound by conclusions that resulted in the denial of their refund claim. Moreover, the relationship between the entities hearing the appeals necessarily results in *de novo* review. Once a claim for refund is denied, a taxpayer may petition ADOR for a hearing on the denial. A.R.S. § 42–130. Pursuant to an adverse decision at that stage, a taxpayer may appeal to BOTA. A.R.S. § 42–124(A). BOTA is "an independent agency ... not in any way [ ] subject to the supervision or control of [ADOR]." A.R.S. § 42–171(A). *De novo* review is a necessary consequence of BOTA's independence. After an adverse ruling by BOTA, a taxpayer may bring an action in the tax court for a *de novo* appeal. A.R.S. § 42–124(B). At that point, the taxpayer has exhausted his administrative remedies. The tax court's review is *de novo, id.,* because the tax court is not bound by the decisions of the administrative bodies.

■ Citing *Garrett v. Bamford,* 538 F.2d 63, 71 (3d Cir.), *cert. denied,* 429 U.S. 977, 97 S.Ct. 485, 50 L.Ed.2d 585 (1976), the taxpayers claim that the process is inadequate because the refusal to allow class action in the administrative process requires each taxpayer to bring a separate action. The rule in *Garrett* is taken from *Matthews v. Rodgers,* 284 U.S. 521, 52 S.Ct. 217, 76 L.Ed. 447 (1932). There, the Supreme Court stated, "the jurisdiction ... to avoid multiplicity of suits at law is restricted to cases where there would otherwise be some necessity for the maintenance of numerous suits between the *same parties,* involving the same issues of law or fact." *Id.* at 529–30, 52 S.Ct. at 221 (emphasis added). Because the alleged multiplicity of suits would not involve the same parties, we do not find the process inefficient. Additionally, "we are not convinced that if a few litigants are successful, each of the oth-

ers will separately have to file, and carry to a completely litigated conclusion, a full-blown adversary lawsuit." *Mandel v. Hutchinson,* 494 F.2d 364, 367 (9th Cir.1974).

### d. Fourteenth Amendment Relief

 The taxpayers claim that, under *Reich v. Collins,* —— U.S. ——, 115 S.Ct. 547, 130 L.Ed.2d 454 (1994), they are entitled to refund relief directly under the Fourteenth Amendment. They argue that the denial of declaratory relief in this case raises due process questions given the prior availability of declaratory relief in state tax actions. We disagree.

In *Reich,* the United States Supreme Court held that Georgia's remedy for illegally collected taxes violated due process because it engaged in a "bait and switch." Prior to the taxpayer's suit in that case, Georgia utilized a postdeprivation remedy, a tax refund statute. After the taxpayer paid the disputed taxes and brought suit to recover them, the Georgia Supreme Court held that the tax refund statute did not apply when the law under which the tax is collected is declared to be unconstitutional. *Id.* at ——, 115 S.Ct. at 549. On remand from the United States Supreme Court, the Georgia Supreme Court found that this system did not violate due process because an adequate predeprivation procedure existed. *Id.* at ——, 115 S.Ct. at 550. The United States Supreme Court held that Georgia's holding out a postdeprivation remedy as the proper recourse for taxpayers, then replacing it with a predeprivation remedy once the taxpayers had no opportunity to utilize it, violated due process. *Id.* at —— – ——, 115 S.Ct. at 550–51.

While it is true that declaratory relief was accorded in state tax decisions like *State v. Levy's,* 119 Ariz. 191, 580 P.2d 329 (1978), and *O'Neil v. Valley National Bank,* 58 Ariz. 539, 121 P.2d 646 (1942), the existence of these cases has not deprived the taxpayers of a remedy.[5] They are entitled to pursue the post-deprivation remedy of a refund. There has not been a "bait and switch" whereby the

taxpayers were induced to pay their taxes in expectation of a postdeprivation refund remedy only to lose their rights to these monies because the refund process was replaced by a predeprivation remedy of which they could not avail themselves.

### III. CONCLUSION

We vacate our previous opinion in this appeal. We hold that the taxpayers' § 1983 claims and state-law claims were subject to the exhaustion of administrative remedies and that the tax court erred in failing to dismiss the taxpayers' action for lack of subject matter jurisdiction. Accordingly, we reverse and remand with instructions to dismiss this action in its entirety.

VOSS, P.J., and GRANT, J., concur.

---

5.  Whether the taxpayers should have resorted to available administrative remedies was never

raised in these cases.